(12 Misc. Rep. 552.)

ISRAEL v. JORDAN et al.

(City Court of New York, General Term.  May 28, 1895.)

ASSIGNMENT FOR BENEFIT OF CREDITORS — BOND OF ASSIGNEE — LIABILITY OF SURETY.

   In an action against the surety on the bond of an assignee to recover moneys alleged to have been deposited with him, evidence that plaintiff deposited with the assignee certain moneys to be paid out for plaintiff's benefit is not sufficient to charge defendant, as the receipt of the assignee for plaintiff's money was merely a personal act, for which defendant was not liable as surety.

Appeal from trial term.

Action by Mary Israel against Henry W. Jordan, impleaded, etc. There was a judgment in favor of plaintiff, and defendant Jordan appeals.   Reversed.

Argued before NEWBURGER and CONLAN, JJ.

Dwight T. Mason, for appellant.

Charles E. Le Barbier, for respondents.

NEWBURGER, J.   This action is brought to recover from the defendant (a surety on a bond of an assignee for the benefit of creditors) the amount of a judgment recovered against the assignee by the plaintiff for moneys alleged to have been deposited with the assignee subsequent to the assignment.   The defendant, by his answer, alleged that the moneys for which plaintiff had recovered judgment against the principal of the defendant were not moneys which came into his hands as assignee, and not moneys for which, as such surety for such assignee, he was in any wise liable.   At the close of the plaintiff's case, the defendant moved for a dismissal of

the complaint on the grounds: First, that it appeared that the moneys for which recovery was sought were not part of the assigned estate; second, that there was no evidence that the assignee failed to account for any moneys that came into his hands as such assignee, or failed to comply with any decree of the court having jurisdiction of assigned estates.

We think the motion should have been granted. It appears that the firm of L. Lazarus & Co. made an assignment for the benefit of creditors to the defendant Louis Jordan on or about the 25th day of August, 1890; that on the 30th day of September, 1890, the defendant Henry W. Jordan executed a bond for the faithful discharge by Louis Jordan of his duties as such assignee. It also appears that the plaintiff, subsequent to the assignment, and on or about the 9th day of September, 1890, deposited with the said Louis Jordan certain moneys to be checked or paid out for the benefit of the plaintiff. The receipt by the assignee of plaintiff's money was not an official act; it was his personal act, for which his surety was in no way liable. Defendant, in executing the bond as surety for the assignee for the benefit of his creditors, simply undertook that the assignee should faithfully "execute and discharge the duties of such assignee, and duly account for all moneys received by him as such assignee." The obligation of the surety simply extended to funds that came into his hands as assignee.

The judgment appealed from must therefore be reversed, and a new trial granted, with costs to appellant to abide the event.